CHARLES ALFORD, APPELLANT, V.
LIFE SAVERS, INC., APPELLEE.

315 N.W.2d 260

Filed January 22, 1982.   No. 44439.

Souchek & Kimble for appellant.

Blevens, Blevens & Jacobs for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

The plaintiff appeals from an order dismissing the amended petition after a demurrer to the amended petition had been sustained.

The amended petition alleged that the plaintiff had been employed by the defendant as a salesman. On February 2, 1978, the plaintiff's employment was terminated by his supervisor, an employee of the defendant, allegedly without notice and without cause. The amended petition further alleged that the defendant was negligent in failing to exercise proper supervision and control over the plaintiff's supervisor; in failing to ascertain whether the reasons given for the termination of the plaintiff's employment were truthful; in failing to

ascertain whether the termination of the plaintiff's employment violated company policy; in failing to ascertain whether a valid reason existed for termination of the plaintiff's employment; and in failing to ascertain whether the plaintiff's supervisor properly carried out his duty as supervisor. The plaintiff prayed for damages in the amount of $31,815.

There is no allegation in the petition that the plaintiff had any right of continued employment. When the employment is not for a definite term, and there are no contractual or statutory restrictions upon the right of discharge, an employer may lawfully discharge an employee whenever and for whatever cause he chooses, without incurring liability. *Mau v. Omaha Nat. Bank*, 207 Neb. 308, 299 N.W.2d 147 (1980). See, also, *Stewart v. North Side Produce Co.*, 197 Neb. 245, 248 N.W.2d 37 (1976).

The amended petition failed to state a cause of action and was subject to demurrer. The judgment dismissing the amended petition is affirmed.

AFFIRMED.