LEE ANN MORRIS, APPELLANT, V. THE LUTHERAN
MEDICAL CENTER, A NEBRASKA CORPORATION,
APPELLEE.
340 N.W.2d 388

Filed November 18, 1983. No. 82-694.

John B. Ashford of Bradford, Coenen & Ashford, and Peter C. Bataillon of Sodoro, Daly & Sodoro, for appellant.

Thomas J. Culhane of Erickson, Sederstrom, Leigh, Eisenstatt, Johnson, Kinnamon, Koukol & Fortune, P.C., for appellee.

BOSLAUGH, HASTINGS, SHANAHAN, and GRANT, JJ., and CAMBRIDGE, D.J.

HASTINGS, J.

This is an action for breach of an employment contract brought by Lee Ann Morris, plaintiff-appellant, a former employee of the defendant-appellee, The Lutheran Medical Center. The plaintiff asked for recovery of lost wages, both past and future. The District Court sustained the defendant's demurrer

for failure to state a cause of action, and dismissed her amended petition.

According to the pleadings, Morris was hired as a nurse by the defendant on January 9, 1978, under an oral contract of employment for no definite term. On December 31, 1981, Morris was fired for misconduct. She timely appealed to the employee grievance committee, which, after a hearing, recommended that Morris be reinstated. The president of the hospital reversed the grievance committee's decision and terminated the plaintiff's employment.

In her amended petition Morris alleged that portions of the defendant's "Policy and Procedures" became part of the employee's contract, in particular that the grievance procedure should have been followed in terminating her employment. Specifically, she alleged: "One of the written benefits Plaintiff was promised by Defendant was compliance by Defendant with the employee grievance procedure." The plaintiff also alleged that the president failed to follow the grievance procedure in two respects: First, that the president failed to make his decision within 5 working days; and second, that the "President of Defendant hospital, contrary to the rules and procedures of the employee grievance procedure . . . ignored the committee's findings and recommendations and reversed the committee's findings and upheld the action previously taken of termination."

Under Nebraska law it is quite clear that this court consistently follows the rule that "[w]hen the employment is not for a definite term, *and there are no contractual or statutory restrictions upon the right of discharge*, an employer may lawfully discharge an employee whenever and for whatever cause he chooses, without incurring liability." (Emphasis supplied.) *Alford v. Life Savers, Inc.*, 210 Neb. 441, 442, 315 N.W.2d 260, 261 (1982); *Feola v. Valmont Industries, Inc.*, 208 Neb. 527, 304 N.W.2d 377 (1981); *Mau v. Omaha Nat. Bank*, 207 Neb. 308, 299 N.W.2d 147 (1980).

In *Mau* this court found that a company handbook did not create employment for a definite period. Here, the employee does not claim that she was promised permanent employment. Instead, the plaintiff-employee is claiming that her job termination was wrongful because she had a contractual restriction upon the right of discharge, namely, the grievance procedure.

In the case at bar, the fact that plaintiff did not have a contract of employment for a specific term should not deprive her of the benefits of the grievance procedure. A reasonable inference can be drawn that the defendant intended to draw a benefit in employee relations from the procedure. This can be seen in the introduction to the grievance procedure, which states as follows: "Policy: Lutheran Medical Center recognizes that disagreements or grievances may arise from time to time *over decisions or actions affecting an employee's job* or his relations with other employees, or over claims of discrimination because of sex, race, color, age, religion or national origin. To assure employees of prompt and fair treatment when such circumstances arise, the following procedure is established." (Emphasis supplied.)

The procedure then provided that the "Committee . . . shall discuss the grievance with any persons that it deems to be appropriate, shall consider existing Medical Center policies and regulations . . . and in writing shall make a recommendation to the President of Lutheran Medical Center concerning the appropriate action to be taken about the grievance. . . .

"The Lutheran Medical Center President within five working days shall review the recommendation of the Committee and issue a written decision which shall be binding on both parties. So long as the Committee's recommendation does not conflict with established hospital policy or applicable laws and regulations, the *President shall not substitute his*

*judgment for that of the Committee.''* (Emphasis supplied.)

A similar inference can be drawn that plaintiff expected the grievance procedure to be followed. In fact, when she was terminated, both parties commenced the grievance procedure.

The facts of the *Mau* case are quite distinguishable from the present situation. In *Mau* the handbook cover specifically stated the handbook was not part of the contract, nor was the handbook relied upon at the initial contract stage. In the instant case the "Policy and Procedures" was not so restricted, and it is alleged that compliance with it was promised prior to the oral agreement of employment.

In *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn. 1983), the Minnesota Supreme Court held that where an employment contract is for an indefinite duration, such indefiniteness by itself does not preclude job security provisions in an employee handbook from becoming part of the employment contract. In *Pine River State Bank* the Minnesota court stated: "There is no reason why the at-will presumption needs to be construed as a limit on the parties' freedom to contract." *Id.* at 628. Continuing, the Minnesota court said: "The provisions of the handbook section entitled 'Disciplinary Policy' do, however, set out in definite language an offer of a unilateral contract for procedures to be followed in job termination." *Id.* at 630.

The defendant's argument, that because the oral contract specified no duration, the parties did not intend any job termination restrictions to be binding, is without merit. We agree with the reasoning of the Minnesota Supreme Court that this argument enlarges the at-will rule to impose substantive limits on the formation of contracts. See Restatement (Second) of Agency § 442, Comment *a*. (1958) (inference that employment is at-will may be rebutted by specific terms of agreement).

In reviewing the sustaining of a demurrer this court must treat the facts alleged in the petition as undisputed. *Dieter v. Hand*, 214 Neb. 257, 333 N.W.2d 772 (1983). However, it must be the facts set forth in the petition, and we may not consider extrinsic matters in determining whether a pleading states a cause of action. *Heinzman v. County of Hall*, 213 Neb. 268, 328 N.W.2d 764 (1983). Also, a general demurrer admits only such facts as are well pleaded and does not admit mere conclusions of the pleader. *Hall v. Cox Cable of Omaha, Inc.*, 212 Neb. 887, 327 N.W.2d 595 (1982).

Plaintiff's amended petition alleges only that the president of the defendant hospital, contrary to the rules and procedures, ignored the committee's findings. To prohibit the president from taking such action according to the "Policy and Procedures," it must appear that those committee findings do "not conflict with established hospital policy or applicable laws and regulations." We believe that it was necessary to allege and prove that allegation before an action could lie in this instance.

The District Court was correct in sustaining the demurrer and in dismissing the action, and its judgment in doing so is affirmed.

AFFIRMED.