SANDRA M. JEFFERS, APPELLANT, V. BISHOP CLARKSON
MEMORIAL HOSPITAL, A NEBRASKA CORPORATION, APPELLEE.
387 N.W.2d 692

Filed May 30, 1986.   No. 85-205.

John B. Ashford of Ashford & Bowie, P.C., for appellant.

Andrew E. Grimm and Dale E. Bock of Nelson & Harding, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This appeal arises from an order of the Douglas County District Court sustaining the appellee's demurrer and dismissing the appellant's petition. We reverse and remand.

In her petition appellant alleged that from September 1971 to July 1984 she was employed at Bishop Clarkson Memorial Hospital in Omaha, Nebraska, as a licensed practical nurse (LPN). At the time of hire Jeffers was supplied with an employee handbook outlining the terms and conditions of employment and the benefits afforded Clarkson employees. The handbook also included procedures to be followed by both employee and employer in processing grievances. At the time it hired Jeffers, Clarkson also made oral representations to her

with respect to her compensation.

On July 21, 1984, Clarkson nursing personnel officials discharged Jeffers after discovering that she had allegedly misrepresented to them that she had renewed her LPN license for 1984. Clarkson became aware of the status of Jeffers' LPN license after the state Board of Nursing informed the hospital that the license had not been renewed for 1984. The hospital asked Jeffers to produce her 1984 LPN license. Instead, she produced a canceled check as proof that she had renewed her LPN license for 1984. The hospital discovered that the canceled check was actually the payment for her 1983 LPN license renewal. The hospital subsequently fired Jeffers because of her alleged dishonesty in the matter.

Immediately after she was fired, Jeffers initiated a grievance action according to the procedures in the employee handbook. In a letter attached to the petition, dated August 8, 1984, Clarkson's area manager responded to the grievance by informing Jeffers that her dishonesty was the reason she was fired and denying her request for reinstatement. The letter stated that "[n]o further action will be taken in your implied grievance action unless you can validate, without question, that your LPN license was renewed and was current as of January 1, 1984."

In her petition Jeffers alleged that she was wrongfully discharged because the employee handbook and the oral representations constituted an employment contract between her and the hospital, the terms of which were not adhered to by the hospital when it fired Jeffers. Pursuant to Neb. Rev. Stat. § 25-806(6) (Reissue 1985), the hospital generally demurred to Jeffers' petition. Clarkson argues that Jeffers' petition failed to state a cause of action because it did not allege that the employment contract prohibited the hospital from discharging her without cause, nor did it allege that Jeffers' termination was done in bad faith, with a retaliatory motive, or in violation of state law or public policy. The district court sustained the hospital's demurrer, plaintiff failed to amend her petition, and the court dismissed the petition. Jeffers appeals, assigning as her sole error the trial court's sustaining of the hospital's general demurrer and dismissing of her petition.

In reviewing the sustaining of a demurrer, this court must treat the facts alleged in the petition as undisputed. *Morris v. Lutheran Medical Center*, 215 Neb. 677, 340 N.W.2d 388 (1983). We consider only the facts set forth in the petition, and we do not consider extrinsic matters in determining whether a pleading states a cause of action. *Heinzman v. County of Hall*, 213 Neb. 268, 328 N.W.2d 764 (1983). Further, a general demurrer admits only such facts as are well pleaded and does not admit mere conclusions of the pleader. *Hall v. Cox Cable of Omaha, Inc.*, 212 Neb. 887, 327 N.W.2d 595 (1982).

In her petition Jeffers alleges that an employment contract existed between her and the hospital, consisting of the terms and conditions specified in the employee handbook as well as hospital officials' oral representations. Paragraph X of Jeffers' petition states:

That Plaintiff's termiantion [sic] by the Defendant was contrary to the terms and conditions of the Employee Handbook in the following particulars:

(a) The Plaintiff was not guilty of dishonesty as alleged by the Defendant as the reason for terminaiton [sic].

(b) Defendant was terminated without cause.

(c) Defendant failed to throughly [sic] investigate the Plaintiff's grievance as required by the grievance procedure.

Incorporated by reference in Jeffers' petition are selected portions of the employee handbook, including the section captioned "Grievance Procedure," which reads as follows:

It is the responsibility of Clarkson Hospital to hear and consider complaints from employees which may arise out of conditions of employment, with the objective of speedy resolution of the grievance to the mutual satisfaction of all parties. All Managers are responsible to hear and try to settle informally all grievances or complaints which employees bring to their attention.

If you do have a grievance, first bring it to the attention of your immediate Supervisor. This may be done in an informal manner. Your Supervisor will investigate your problem and attempt to resolve your grievance within three (3) working days.

> If you are still not satisfied with the results, you may present your problem to your Department Manager, who will also investigate and return a decision within three working days. If the solution still fails to resolve the matter, you may refer your complaint, in writing, to the Associate Administrator/Director of your Division. He/She will then conduct a thorough investigation of the problem, including a discussion with the Manager of Employee Relations to offer a quick solution. In turn, you will receive a written decision within one week. A copy of the decision will be forwarded to your Manager and the Personnel Department for inclusion in your personnel file.

Nothing in this provision indicates that discharge actions are exempt from grievance procedures; therefore, we assume that Jeffers' discharge was subject to the grievance procedures as described in the handbook.

Also incorporated by reference in Jeffers' petition is a section of the handbook entitled "Discipline," which states in part: "Any violation of these policies, rules, or misconduct could lead to disciplinary action including your immediate dismissal." Jeffers' petition essentially asserts (1) that an employment contract existed between her and Clarkson, (2) that under the terms of the contract she could be discharged only for violating a hospital rule or regulation, (3) that she did not violate a hospital rule or regulation when she told hospital officials that she had renewed her LPN license, and (4) that even if she had violated a hospital rule, the hospital failed to satisfy the terms of the contract when it refused to carry out the grievance procedures.

Jeffers concedes that she was not hired for a specific length of time under her employment contract. In *Morris v. Lutheran Medical Center*, 215 Neb. 677, 340 N.W.2d 388 (1983), we held that when employment is not for a definite term, and *there are no contractual or statutory restrictions upon the right of discharge*, an employer may lawfully discharge an employee whenever and for whatever cause it chooses without incurring liability. However, we also held in *Morris* that simply because the employee does not have an employment contract for a

specific term does not deprive her of the benefit of grievance procedures as set forth in an employee handbook. But see *Mau v. Omaha Nat. Bank*, 207 Neb. 308, 299 N.W.2d 147 (1980) (company handbook does not create employment for a definite period).

Except in cases where an employee is deprived of constitutional or statutory rights or where contractual agreements guarantee that employees may not be fired without just cause, the law in this state continues to deny any implied covenant of good faith or fair dealing in employment termination. See, e.g., *Alford v. Life Savers, Inc.*, 210 Neb. 441, 315 N.W.2d 260 (1982); *Feola v. Valmont Industries, Inc.*, 208 Neb. 527, 304 N.W.2d 377 (1981).

The plaintiff's petition sufficiently states a cause of action. She has alleged the existence of an employment contract which, while not guaranteeing her continued, indefinite employment, establishes provisions for discharge and defines procedures to which she and her employer are bound in assessing the validity of her discharge.

The district court's order is reversed, and the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WHITE, J., participating on briefs.