Sandra M. **MILROY**, Plaintiff,

v.

**K–G RETAIL STORES, INC.,** a Delaware corporation, d/b/a K–G Men's Store, Defendant.

No. 7:CV92–3270.

United States District Court, D. Nebraska.

April 8, 1993.

Larry R. Baumann, Kelley, Scritsmier Law Firm, North Platte, NE, for plaintiff.

John L. Spray, Daniel E. Wherry, Mattson, Ricketts Law Firm, Lincoln, NE, James N. Foster, Jr., Daniel R. Begian, McMahon, Berger Law Firm, St. Louis, MO, for defendant.

## ORDER

STROM, Chief Judge.

This matter is before the Court on the report and recommendation of the magistrate judge (Filing No. 30), recommending that defendant's motion for summary judgment be granted. The Court notes no objections have been filed thereto.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this matter and finds the report and recommendation of the magistrate judge should be adopted. Accordingly,

IT IS ORDERED:

1) The report and recommendation of the magistrate judge is adopted;

2) Defendant's motion for summary judgment is granted; plaintiff's complaint is dismissed.

## REPORT AND RECOMMENDATION

PIESTER, United States Magistrate Judge.

Pending before the court is defendant's motion for summary judgment, filing 26. For reasons discussed more fully below, I shall recommend defendant's motion be granted.

This diversity action involves the alleged wrongful termination of plaintiff from her employment by defendant. Plaintiff was hired by defendant on February 27, 1984. Her employment continued until February 17, 1992 when she was discharged. Plaintiff brought this action in the District Court of Lincoln County, Nebraska on June 30, 1992 alleging wrongful termination based on defendant's failure to comply with a "termination policy" set forth in its "Hourly Employee Handbook" (handbook). Defendant removed the action to this court on July 30, 1992. Defendant now moves for summary judgment alleging that plaintiff's employment was for an indeterminate amount of time and that no contractual restrictions upon the right of discharge existed, rendering her employment terminable at will.

The purpose of a motion for summary judgment is to determine whether a "genuine issue of material fact" exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Summary judgment is properly granted when, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, it is clear that no genuine issue of material fact remains and the case may be decided as a matter of law.

*Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## WRONGFUL DISCHARGE

■ Plaintiff alleges defendant wrongfully terminated her employment. She alleges that the handbook created contractual terms to which the defendant was bound. Plaintiff claims that defendant failed to comply with these contractual terms prior to terminating her employment.

In support of the summary judgment motion, defendant has filed plaintiff's deposition which affirms that she was hired for an indefinite period of time, (filing 26, Milroy deposition, 13:23–14:16) and was not told during the course of her employment that the employment was for a definite period of time. (*Id.* at 14:17–17:16). Plaintiff does not dispute those facts. The Nebraska Supreme Court has stated:

> It is well established in Nebraska that when employment is not for a definite term, and there are no contractual or statutory restrictions upon the right of dis-

charge, an employer may lawfully discharge an employee without incurring liability.

*Blair v. Physicians Mut. Ins. Co.*, 242 Neb. 652, 656, 496 N.W.2d 483, 486 (1993), citing *Johnston v. Panhandle Co–Op Ass'n*, 225 Neb. 732, 736, 408 N.W.2d 261, 265 (1987). *See also, Goodlett v. Blue Cross and Blue Shield*, 234 Neb. 5, 449 N.W.2d 9 (1989); *Stratton v. Chevrolet Motor Div.*, 229 Neb. 771, 428 N.W.2d 910 (1988); *Jeffers v. Bishop Clarkson Memorial Hosp.*, 222 Neb. 829, 387 N.W.2d 692 (1986); *Mueller v. Union Pacific Railroad*, 220 Neb. 742, 371 N.W.2d 732 (1985); *Morris v. Lutheran Medical Center*, 215 Neb. 677, 340 N.W.2d 388 (1983); *Mau v. Omaha National Bank*, 207 Neb. 308, 299 N.W.2d 147 (1980). Thus, unless the handbook created a contractual restriction on defendant's right of discharge, defendant had the lawful right to discharge plaintiff.

■ Generally, a handbook may create a contractual restriction upon the right of discharge. *See Johnston, supra; Jeffers, supra; Morris, supra; Mau, supra.* Even if the employment is for an indefinite duration, the provisions of a handbook may become part of an employment contract. *Johnston* at 738, 408 N.W.2d at 266, citing *Morris, supra.* The handbook must be examined using contract principles to determine whether its provisions are sufficient to create a unilateral contract. *Id.* at 739, 408 N.W.2d at 266. In order to create an enforceable contract right, the handbook must be an offer (1) definite in form, (2) communicated to the employee, (3) accepted by the employee, and (4) supported by adequate consideration. *Stratton, supra.* In an action for breach of a contract for employment, the burden of proving the existence of a contract and all the facts essential to the cause of action is upon the person who asserts the contract. *Overmier v. Parks*, 242 Neb. 458, 461, 495 N.W.2d 620, 622 (1993); *Stiles v. Skylark Meats, Inc.*, 231 Neb. 863, 865, 438 N.W.2d 494, 496 (1989). Continued employment with knowledge of the handbook provisions is an acceptance of both the offer and its consideration. *Stratton, supra; Johnston, supra.*

Defendant's challenge is to the first prong of *Stratton* test. To determine whether the

handbook provisions are sufficient to create a contract right, it is necessary to review the provisions of the handbook itself. Page one of the handbook[1] states:

THE CONTENTS OF THIS HANDBOOK ARE PRESENTED AS A MATTER OF INFORMATION ONLY. WHILE THE COMPANY BELIEVES WHOLEHEARTEDLY IN THE PLANS, POLICIES AND PROCEDURES DESCRIBED HEREIN, THEY ARE NOT CONDITIONS OF EMPLOYMENT. THE COMPANY RESERVES THE RIGHT TO MODIFY, REVOKE, SUSPEND, TERMINATE OR CHANGE ANY AND ALL SUCH PLANS, POLICIES OR PROCEDURES, IN WHOLE OR IN PART, AT ANY TIME, WITH OR WITHOUT NOTICE. THE LANGUAGE USED IN THIS HANDBOOK IS NOT INTENDED TO CREATE, NOR IS IT TO BE CONSTRUED TO CONSTITUTE A CONTRACT BETWEEN THE COMPANY AND ANY ONE OR ALL OF ITS EMPLOYEES.

Filing 26, Deposition Exhibit 1 at 3; caps in original.

On page 20 of the handbook, under the heading "Acknowledgement of Understanding," the handbook states:

I understand that this handbook is for informational purposes only and that it is not to be construed as a contract.

K–G Retail reserves the right to add, delete or modify its policies without notice. I understand that I am not being employed for any specific length of time and, just as I may leave my employment at any time, so may the company, with or without cause, terminate my employment at any time.

Filing 26, Deposition Exhibit 1 at 23.

These disclaimers are much like those found in *Blair v. Physicians Mut. Ins. Co.,* 242 Neb. 652, 496 N.W.2d 483 (1993). In *Blair,* the plaintiff was an employee without a determinable length of employment attempting to assert the existence of an employment contract through the provisions of a handbook. The handbook stated that its provisions were not a contract for employment, did not provide terms of employment and that plaintiff's employment was an "at will relationship [which] may be terminated without cause." *Id.* at 656, 496 N.W.2d at 486. The Nebraska Supreme Court sustained a jury verdict that the language did not create a contract right to employment. *Id.*

Similarly, defendant's handbook expressly states that it is not an employment contract, does not provide for terms of employment and that plaintiff is an at will employee. Defendant's handbook does contain a termination policy, stating:

K–G Retail guidelines for termination of employment with the company are divided into two groups. Any violation of the first group of rules listed below will result in a verbal reprimand from management. The second violation will result in a written reprimand and will be a part of your personnel file. After three violations of any one rule, or combination of violations, management may dismiss the individual as an habitual offender or company policy.

K–G Retail reserves the right to bypass any of these steps at its discretion. It should be understood that this list of rules is not all inclusive. There may be instances where other conduct would be considered by management for reprimand or dismissal. . . .

Any violation of the second group of rules will result in immediate termination from K–G Retail without further reprimands being necessary.

Filing 26, Deposition Exhibit 1 at 18–19.

In *Johnston v. Panhandle Co–Op Ass'n, supra,* the court considered the a handbook setting forth employee benefits and general company procedures to determine whether it created a contract right to employment.[2] The handbook contained a section titled "Dismissals For Cause" listing six reasons for

---

1. The handbook is filed as deposition exhibit 1, filing 26.

2. The court stated that the determination of whether "a contract for permanent employment in favor of plaintiff existed" is a question of law. *Johnston* at 736, 408 N.W.2d at 265.

which an individual could be dismissed for cause.[3] It also discussed a probationary period for employees. The handbook did not contain any provisions for grievances. *Id* at 737–38, 408 N.W.2d at 265–66. The court stated that if the provisions of the handbook use definite language, they may establish specific procedures binding on the company that must be followed prior to terminating an otherwise at-will employee. *Id* at 740, 408 N.W.2d at 267, citing *Pine River State Bank v. Mettille,* 333 N.W.2d 622 (Minn.1983).

In *Johnston,* the court clearly indicated that the handbook's language must be specific to create a contract. It held that the handbook's list of reasons to dismiss without cause did not create a contract right because the handbook failed to indicate that the six reasons were the only reasons an employee could be terminated for cause. The court stated the handbook:

> does not limit the reasons for dismissal to these six provisions or state that there are any restrictions on the employer's right to discharge. The handbook provides for no disciplinary procedures short of termination nor for any grievance procedure in the event of termination.

*Id.* at 741, 408 N.W.2d at 268. Thus, the court found that the handbook created no contract right to be discharged only for cause.

The language of K–G Retail's handbook regarding termination policy begins by stating that certain procedures will be followed, instituting a three step procedure. (Filing 26, Deposition Exhibit 1 at 18–19). However the next paragraph of the handbook clearly establishes that the procedure may be bypassed at the discretion of the company. *Id.* at 19. It further states that certain conduct not listed in the first group may be considered by the company as grounds for dismissal. The handbook specifically reserves for defendant the right to terminate its employees for conduct not listed in that group. *Id.* The handbook therefore fails to provide a definite restriction or limit on the reasons defendant may discharge an employee. As in *Johnston,* "the language of the handbook is not definite enough to constitute an offer of a unilateral contract on job termination." *Johnston* at 741, 408 N.W.2d at 267–68.

Plaintiff has failed to carry her burden of demonstrating that the handbook created any contractual right in maintaining her employment with defendant. Since there was no contractual right to continued employment, and no claim of a statutory or constitutional restriction to plaintiff being terminated, defendant had the power to discharge plaintiff for any reason without liability. *Blair, supra, Johnston, supra, Goodlett, supra, Stratton, supra, Jeffers, supra.* Plaintiff having failed to "make a sufficient showing on an essential element of [her] case with respect to which [she] has the burden of proof," *Celotex Corp. v. Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53, defendant is entitled to summary judgment. *Id.*

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Lyle E. Strom, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), that defendants' motion for summary judgment (filing 26) be granted.

The parties are notified that unless objection is made within ten days after being served with a copy of this recommendation, they may be held to have waived any right they may have to appeal the court's order adopting this recommendation.

March 26, 1993.

---

**3.** The handbook stated:

DISMISSALS FOR CAUSE

The following rules are intended to cover matters of fact rather than matters of judgment where you might make an honest mistake.
1. Willful insubordination or disregard of duty.
2. Dishonesty.
3. Unauthorized or unreported absences from work.
4. Use of beverage alcohol or illegal drugs on Company premises or Company time, or reporting for work under the influence.
5. Conduct which may cause damage or embarrassment to the Company.
6. Failure to comply with company policy will be subject to dismissal.
To permit violation of these rules would, in fact, be an injustice to all employees and member patrons.
*Johnston* at 737, 408 N.W.2d at 265.