United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3644

_____

Richard Smith,                          *
                                        *
          Appellant,                    *
                                        *    Appeal from the United States
     v.                                 *    District Court for the Western
                                        *    District of Arkansas.
Lozier Corporation,                     *
                                        *
          Appellee.                     *

_____

Submitted:  March 13, 1998

Filed:  March 31, 1998

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
     NANGLE,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     Richard Smith brought an action against his former employer, the Lozier
Corporation, relating to the termination of his employment with Lozier.  The district

_____

     [1]The Honorable John F. Nangle, United States District Judge for the Eastern
District of Missouri, sitting by designation.

court[2] granted summary judgment to Lozier, and Mr. Smith appeals. We affirm the judgment of the district court.

## I.

Lozier is a company that manufactures store fixtures. For about ten years prior to the events at issue here, Mr. Smith was involved in selling other manufacturers' store fixtures to Wal-Mart. On January 5, 1993, Mr. Smith entered into a two-year employment contract with Lozier as a sales representative for Lozier's Wal-Mart program. The contract provided that it would be renewable for three successive one-year periods if Mr. Smith met certain minimum net sales volumes during the applicable fiscal years. Mr. Smith met his minimum net sales volume in his first period of employment, and his contract was extended. The following year, however, his net sales volume dropped below the minimum level specified in the contract for renewal, and consequently his contract was not renewed.

Mr. Smith alleges that he was unable to meet the minimum net sales volume, and thus was terminated, because the management of Lozier did not live up to certain assurances that it made to him before he accepted its offer of employment. Mr. Smith claims that he informed Wayne Moeller and John Paben, officers of Lozier, that Lozier needed to be willing to pursue Wal-Mart's business on Wal-Mart's terms. According to Mr. Smith, Wal-Mart's terms included a commitment to service, quality, and competitive pricing, and lower profit margins that would be offset by the volume of business, and he warned that Wal-Mart would be "calling most of the shots." Mr. Smith alleges that Mr. Moeller and Mr. Paben responded, "Get us into Wal-Mart, and we will do the rest."

---

[2]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

Mr. Smith does not base his case directly on the assurances that he asserts that Lozier made to him; that is, he did not sue Lozier on its alleged words, either as promissory assertions or as misrepresentations. Instead, he claims that Lozier violated an implied duty of good faith and fair dealing owed to him under Nebraska law.

## II.

Nebraska courts appear to imply a covenant of good faith and fair dealing as to the termination of employment contracts that provide that an employee may not be fired without good cause. For this proposition, Mr. Smith cites two Nebraska cases, *Stratton v. Chevrolet Motor Division, General Motors Corp.*, 428 N.W.2d 910 (Neb. 1988), and *Jeffers v. Bishop Clarkson Memorial Hosp.*, 387 N.W.2d 692 (Neb. 1986) (*per curiam*). The Nebraska Supreme Court stated in *Jeffers*, 387 N.W.2d at 695, that except "in cases where an employee is deprived of constitutional or statutory rights or where contractual agreements guarantee that employees may not be fired without just cause, the law in this state continues to deny any implied covenant of good faith or fair dealing in employment termination." The language in *Stratton*, 428 N.W.2d at 914, is nearly identical.

We need not turn to the question of what the covenant of good faith and fair dealing required of Lozier unless Mr. Smith's contract provided that he could not be fired without just cause and unless the actions of which he complains bear on the act of employment termination. The first of these questions is easily resolved, as the contract's plain language bars Mr. Smith's termination without cause, and Lozier does not contest this aspect of the case. We believe that the answer to the second question, however, proves fatal to Mr. Smith's cause of action.

The Nebraska Supreme Court in *Jeffers* and *Stratton* appears to have chosen its language carefully, stating that an implied covenant of good faith and fair dealing exists in the context of "employment termination," not in the general contexts of the employment relationship or of the conduct between employer and employee prior to

termination. Both *Jeffers* and *Stratton*, we note, dealt with the question of good faith and fair dealing in reference to the termination itself, and not in reference to other actions during employment that might have had consequential effects on an employee's employment prospects.

In *Jeffers*, 387 N.W.2d at 694-95, for instance, the plaintiff alleged that her former employer terminated her without following the procedures for discharge outlined in the employment contract, and claimed that this was a violation of the implied duty of good faith and fair dealing. In *Stratton*, 428 N.W.2d at 911-12, the plaintiff raised several claims against her former employer relating to her period of employment and subsequent termination. Insofar as good faith and fair dealing is concerned, however, the court noted that she had claimed only that she was denied good faith and fair dealing in her job termination. *Id.* at 914. Her other claims, such as that her employer improperly increased her job duties and failed to give her adequate counseling and instruction while on probation, *id.* at 912, were apparently not part of what the court recognized as her claim regarding good faith and fair dealing. *See id.* at 914.

Mr. Smith does not allege that Lozier violated any covenant of good faith and fair dealing as to the act of termination itself. Both parties agree that the minimum net sales volume was not met and, in accordance with the relevant provision of Mr. Smith's employment contract, that Mr. Smith's contract was not renewed. Mr. Smith alleges instead that certain actions by Lozier had a consequential effect on his ability to meet the minimum net sales volume. We do not believe that the Nebraska Supreme Court, in either *Jeffers* or *Stratton*, intended to expand employee causes of action to permit lawsuits against employers under an employment contract for conduct, during the period of employment, that eventually affected an employee's prospects with that employer.

Mr. Smith agreed with Lozier in his employment contract that Lozier could terminate him if he failed to meet a minimum net sales volume or for cause, and Lozier

-4-

terminated Mr. Smith in accordance with his contract. Lozier and Mr. Smith did not agree to an express duty of good faith and fair dealing in all of the relations between them, and we do not believe that Nebraska courts would imply one except with respect to the act of termination itself. As it appears that the termination was in accord with the specific terms of the contract, there can have been no violation of Nebraska's implied covenant of good faith and fair dealing.

### III.

For the foregoing reasons, the district court's entry of summary judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.