ELIZA WOODS, APPELLEE, v. GEORGE WOODS, APPELLANT.

129 N. W. 2d 519

Filed July 10, 1964. No. 35564.

Stern, Harris & Feldman, for appellant.

Jerome P. Grossman, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

Defendant, George Woods, in November and December 1957, received a total sum of approximately $2,408.10 in money from Eliza Woods, his mother. This is an action by the mother, Eliza Woods, to recover that sum. Defendant admits receiving the money, from cashing an endorsed check and the sale of some livestock. As a defense, he seeks to establish that he had a contract with plaintiff under which he was to receive the money in return for an agreement to support and care for the plaintiff. He pleaded this defense by an unverified answer. The plaintiff filed a reply and the parties proceeded to trial. The court, on its own motion, struck the answer on the grounds that it was unverified. The plaintiff by filing a reply, thus pleading over, waived

any objection as to verification thereto. Northup v. Bathrick, 80 Neb. 36, 113 N. W. 808; Blodgett v. Swanson Bros., 105 Neb. 191, 179 N. W. 1011. This was error and the answer should not have been stricken.

Plaintiff's husband had been ill for about a year and died on October 22, 1957, at Little Rock, Arkansas, near Forrest City where plaintiff and her deceased husband farmed and rented out two small acreages. Several of the children who lived in Omaha, Nebraska, had gone to Arkansas to help during their father's illness. George, the defendant, had gone from Omaha to Arkansas in May 1957, and stayed there until his return to Omaha late in December 1957. Augusta Bowers, a daughter, lived in Arkansas. The defendant offered to prove, by Augusta's testimony, over objection, that on October 28, 1957, the day after the father's funeral, his mother, Augusta, and defendant were driving in his car to Forrest City, Arkansas; that Augusta told her mother there had been a meeting of the family the previous evening; that they agreed it would be best for the mother to go to Omaha and live with George; that if it was all right with the plaintiff George should use whatever funds were then available or became available for the care and support of the plaintiff; that while in the car George agreed to assume this responsibility; and that the plaintiff agreed to this arrangement in the presence of George and Augusta as they were in the car driving to Forrest City. The evidence shows that the plaintiff went to Omaha and began living with the defendant in February 1958, and lived with him for about a month. Sometime during this period of time she began demanding the return of her money.

The court, on its own motion, rejected the offer of proof as to the contract and refused permission for either Augusta or George to testify as to the conversation and agreement during the automobile trip. The court, therefore, directed a verdict for the plaintiff and entered judgment accordingly. This was prejudicial error.

A binding mutual understanding or meeting of the minds sufficient to establish a contract requires no precise formality, or express utterance from the parties themselves as to all of the details of the proposed agreement. It may be established by the parties assenting to the proposal drawn, or uttered by a third party to which they assent or to which they agree, and it may be implied from conduct and circumstances and may be shown by circumstantial evidence and the admissions of the parties sought to be charged. Evidence of facts and circumstances, together with the words of the parties used at the time, from which reasonable persons in conducting the ordinary affairs of business, but with special reference to the particular matter on hand, would be justified in inferring such a contract or promise, is sufficient. Citizens State Bank v. State Bank, 111 Neb. 571, 197 N. W. 607; In re Estate of McKeon, 227 Iowa 1050, 289 N. W. 915; Kladivo v. Melberg, 210 Iowa 306, 227 N. W. 833; Restatement, Contracts, § 22, comment (a), p. 27.

Plaintiff argues that there is a presumption of a gift when a child renders service to parents, that the offer of proof didn't refer to any specific contract for the use of the mother's money, and that the offer of proof does not cover all of the necessary elements or details of such a contract for services. Part of these arguments are based on an acceptance of plaintiff's testimony and version of the facts. Defendant, however, was entitled to have the testimony presented supporting his theory of defense. The offer of proof was sufficient. It need not state with precision every detail of the proposed testimony of the witnesses establishing the agreement or contract. It is sufficient if it directs the court's attention to material testimony establishing or supporting defendant's theory of defense. It is not asserted that the defendant's pleading in this respect is insufficient.

For the reasons given, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.