LANGE BUILDING AND FARM SUPPLY, INC.,
A CORPORATION, APPELLANT, V.
OPEN CIRCLE "R", INC., A CORPORATION, APPELLEE.

313 N.W.2d 645

Filed December 18, 1981. No. 43633.

Knapp, Mues, Sidwell, Anderson & Shofstall for appellant.

Nye, Hervert, Jorgensen & Watson, P.C., for appellee.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and GITNICK, District Judge, and COLWELL, Retired District Judge.

GITNICK, District Judge.

This is an action by plaintiff, Lange Building and Farm Supply, Inc., to recover for breach of contract of a written agreement for the repair of a grain bin, in its first cause of action, and to recover money for the partial installation of improvements on another grain bin under an oral contract, in its second cause of action. At the conclusion of plaintiff's evidence, the lower court sustained the defendant's motion for a directed verdict for the reasons that there was no evidence to establish any contractual relationship in either cause of action between the plaintiff and the defendant corporation, and that if the evidence established any contracts at all, they were between the plaintiff and the president of the defendant corporation in his individual capacity.

The assignment of error on appeal is that the trial court erred in directing a verdict for the defendant.

The principles of law applicable at this posture of the case are that a "'party against whom a motion to dismiss is made is entitled to have every controverted fact

resolved in his favor and to have the benefit of every inference that can reasonably be drawn from the evidence, and if there is any evidence which will sustain a finding for the plaintiff, it may not be disregarded and the case decided as a matter of law.'" *Beebe v. Sorensen Sand & Gravel Co.*, 209 Neb. 559, 566, 308 N.W.2d 829, 833 (1981), quoting from *Omaha Nat. Bank v. Omaha P.P. Dist.*, 186 Neb. 6, 180 N.W.2d 229 (1970).

In the case of *Foremost Ins. Co. v. Allied Financial Services, Inc.*, 205 Neb. 153, 158, 286 N.W.2d 740, 744 (1980), we stated: "It is only when the facts are conceded, undisputed, or are such that reasonable minds can draw but one conclusion therefrom that the trial court must decide the question as a matter of law and not submit it to a jury. [Citations omitted.] It is also the rule that to justify the direction of a verdict, it is not necessary that there should be literally no evidence to go to the jury, it being sufficient that there is none that ought reasonably to satisfy the jury that the fact sought to be proved is established." (Emphasis omitted.) We have further stated: "It is a well-established rule that if there is any evidence which will sustain a finding for the litigant having the burden of proof in a cause the trial court may not disregard it and decide the case as a matter of law." *Hickman v. Parks Construction Co.*, 162 Neb. 461, 470, 76 N.W.2d 403, 410 (1956).

The question, then, to be addressed in reviewing the action of the trial court in this case is whether the evidence adduced by the plaintiff, viewed most favorably in support of plaintiff's position, is such that reasonable minds could reach only the one conclusion that the defendant, Open Circle "R", Inc., a corporation, was not in any manner a party to the contracts sued upon. If reasonable minds could dispute this conclusion, then a directed verdict would not be appropriate.

We first consider the question of whether the trial court should have dismissed plaintiff's first cause of action against the defendant.

Plaintiff's first cause of action in essence alleged that "the plaintiff and defendant entered into a written agreement" for the repair of defendant's grain storage bin under a written agreement attached to the plaintiff's petition, and that plaintiff commenced making the contracted repair but was ordered by the defendant to cease work, resulting in a breach of the parties' written agreement.

The defendant corporation filed an amended answer and cross-petition in which it generally denied the allegation of plaintiff's first cause of action that the defendant corporation had entered into the aforesaid written agreement, but then specifically pleaded that "the Plaintiff and Defendant entered into an agreement for the repair of the Defendant's Eaton metal grain storage bin," and incorporated and attached the same contract as was incorporated and attached to plaintiff's pleading.

This recitation becomes important because there is no other evidence in the record bearing upon the involvement of the defendant corporation in this transaction, except for a brief series of questions and answers in the record as follows:

"Q Mr. Lange, in the course of your business, have you had occasion to furnish materials and labor and otherwise do some work for Mr. Robert Cruise for his family farm corporation Open Circle "R"?

"A Yes, we had constructed a similar bin of that nature, I believe, in 1977, the summer of 1977.

"Q Let me get this straight. We've talked this morning in opening statements about a grain bin. You're telling me now in your testimony that at some time in 1976, you constructed a grain bin for Mr. Cruise, is that correct?

"A That is correct.

"Q That's not the grain bin that's in question in this lawsuit, is it?

"A No, that is correct.

"Q Since the erection of that particular grain bin,

have you had occasion to do any work for Mr. Cruise and his corporation?

"A Not other than what is under litigation here today."

All other testimony concerning the identity of the contracting party who hired the work done specified Mr. Cruise, the president of the defendant corporation, in his individual capacity only.

In this state of the record, we believe that the evidence introduced as part of plaintiff's case in chief and as set forth in the pleadings raises a legitimate fact question as to the liability of the defendant corporation which should have been submitted to the jury for its resolution. We come to this conclusion in favor of the plaintiff for the reason that there is an inference from the testimony that the work was done for the defendant corporation based upon the quoted testimony, *supra*, and for the further reason that the defendant has judicially admitted in its amended answer that the same contract sued upon by the plaintiff existed between the plaintiff and the *defendant corporation*. While the defendant contends this written agreement is a different one because of oral modifications made to it, factually it is the exact same written document. "An admission in a plea or answer is binding on the party making it; such an admission is a conclusive or judicial admission, and is not merely evidence. The admission is conclusive as to the admitted fact, and no evidence may be shown to contradict it." 71 C.J.S. *Pleading* § 160 at 334 (1951).

We previously stated in the case of *Bonacci v. Cerra*, 134 Neb. 476, 481-82, 279 N.W. 173, 175-76 (1938), that: "Wigmore states the rule applicable and controlling under the circumstances here presented, as follows:

'The pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions, * * * but judicial admissions * * * i.e., they are not a means of evidence, but a waiver of all controversy (so far as the

opponent may desire to take advantage of them) and therefore a limitation of the issues. Neither party may dispute beyond these limits. Thus, any reference that may be made to them, where the one party desires to avail himself of the other's pleading, is not a process of using evidence, but an invocation of the right to confine the issues and to insist on treating as established the facts admitted in the pleadings.

'This much being generally conceded, it follows that a party may at any and all times invoke the language of his opponent's pleading on that particular issue as rendering certain facts indisputable; and that, in doing this, he is on the one hand neither required nor allowed to offer the pleading in evidence in the ordinary manner, nor on the other hand forbidden to comment in argument without having made a formal offer; for he is merely advocating a construction of the infra-judicial act of waiver of proof.' 2 Wigmore, Evidence (2d ed.) sec. 1064." (Emphasis omitted.)

We reiterated this same position in *Barkalow Bros. Co. v. English,* 159 Neb. 407, 414-15, 67 N.W.2d 336, 341 (1954).

We further point out what we have previously said in *Sleezer v. Lang,* 170 Neb. 239, 252, 102 N.W.2d 435, 444 (1960): "'A party may at any time invoke the language of the pleading of his adversary on which the case is tried on a particular issue as rendering certain facts indisputable; and in so doing he is neither required nor permitted to offer the pleading in evidence. * * * An admission made in a pleading on which the trial is had is more than an ordinary admission. It is a judicial admission and constitutes a waiver of all controversy so far as the adverse party desires to take advantage of it, and is therefore a limitation of the issues.'" We have also stated: "It is an elementary rule of pleading that matters admitted by the pleadings need not be proved." *Peitz v. Hausman,* 198 Neb. 344, 346, 252 N.W.2d 628, 630 (1977).

We next consider whether the trial court should have

dismissed plaintiff's second cause of action.

Plaintiff's second cause of action alleged that the plaintiff and the defendant entered into an oral agreement whereby the plaintiff was to install certain improvements on a second grain storage bin of the defendant's for an agreed sum, which work was completed but was not paid for by the defendant.

The defendant admitted the oral agreement covering the same work and the completion of that work by the plaintiff. It contended the contract price was for a different amount, however. The basic fact again stands as admitted, that the oral contract sued upon was between the plaintiff and the defendant corporation. In this state of the record, the same considerations apply as are cited, *supra*, regarding our disposition of the lower court's action as to the first cause of action.

We therefore reverse the action of the trial court in dismissing plaintiff's petition, and remand the matter for further proceedings.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.