DEANNA OVERMIER, APPELLANT, V. JAMES PARKS ET AL.,
APPELLEES.
495 N.W.2d 620

Filed February 19, 1993.    No. S-90-304.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellant.

Robert P. Chaloupka, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff-appellant, Deanna Overmier, filed a petition in the Scotts Bluff County District Court against the defendants-appellees, West Nebraska General Hospital, Richard Young Psychiatric Services, James Parks (the director of security for the hospital), Charles Richardson (the program director of psychiatric services), and Nancy Cortney (the head nurse of psychiatric services). Plaintiff sought damages on three separate theories: (1) wrongful termination of contract of employment, (2) malicious prosecution, and (3) slander and libel. This case was later separated into two cases after a district

court ruling that plaintiff's claim for wrongful discharge was based on contract, while the other claims were based upon tort. The case presently before this court is one which is based only upon contract, an alleged employment contract with defendant West Nebraska General Hospital, which contract was allegedly breached by defendants. The district court sustained the defendants' motion for summary judgment.

The record shows that plaintiff began her employment with West Nebraska General Hospital in June 1980, when she was hired as a nurse's aide. At the time she was hired, plaintiff was supplied with an employee handbook outlining the terms and conditions of employment and the benefits afforded hospital employees. The lengthy handbook also included procedures to be followed by both employee and employer in grievance, disciplinary, and dismissal actions, and was updated at various times during plaintiff's employment. In 1984, plaintiff was transferred to the psychiatric unit of the hospital, where she worked as a basic nurse until the time of her discharge in April 1987.

On April 7, 1987, hospital personnel officials discharged plaintiff after a series of events which took place in March, when the psychiatric unit of the hospital began receiving a number of progressively harassing and threatening phone calls. The volume of calls began to escalate on March 27, culminating in a bomb threat which was made during the evening of March 30. A police investigation ensued, resulting in plaintiff's being criminally charged with making threatening bomb calls. She was charged on April 2 and suspended orally by the hospital the same day. On April 3, plaintiff was suspended in writing. The hospital then fired her on April 7, citing the bomb-threat calls in the letter of termination.

Immediately after she was suspended on April 2, plaintiff was invited to a review meeting on April 6. She declined to attend. On April 7, plaintiff was terminated based upon "information implicating [her] as an active participant in the harassing and threatening telephone calls of March 30, 1987." In a letter dated April 13, plaintiff notified the hospital that she intended to appeal her discharge. In response, the hospital, on April 16, sent her instructions and the forms needed for an

appeal. The forms were completed by plaintiff and returned to the hospital on April 23. On April 27, after a review of the situation, the hospital notified plaintiff that her termination "should stand."

No further action was taken until the hospital became aware in January 1988 that the criminal charges against plaintiff had been dismissed. At this time, the hospital notified her that a hearing would be provided pursuant to the hospital's "Fair Treatment Procedure" if she desired one. Plaintiff requested the hearing, at which her appeal for reinstatement was denied.

In her petition, plaintiff alleged that she was wrongfully discharged because the employee handbook constituted an employment contract between her and the hospital, the terms of which were not adhered to when she was fired. The trial court found that although plaintiff was an employee at will, the hospital was bound by the procedural guidelines contained in its employment handbook. The court concluded that her termination was justified by the circumstances and that she received all of the procedural safeguards to which she was entitled. The defendants' motion for summary judgment was granted.

In review of a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992); *Spittler v. Nicola*, 239 Neb. 972, 479 N.W.2d 803 (1992). Moreover, summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Murphy v. Spelts-Schultz Lumber Co., supra; Moore v. Hartford Fire Ins. Co.*, 240 Neb. 195, 481 N.W.2d 196 (1992); *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992).

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving

party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Murphy v. Spelts-Schultz Lumber Co., supra*; *Spittler v. Nicola, supra*; *Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991).

In her petition, plaintiff alleges that an employment contract existed between her and the hospital, consisting of the terms and conditions specified in the employee handbook. In an action for breach of a contract of employment, the burden of proving the existence of a contract and all the facts essential to the cause of action is upon the person who asserts the contract. *Stiles v. Skylark Meats, Inc.*, 231 Neb. 863, 438 N.W.2d 494 (1989). Plaintiff thus had the burden of proving her contract of employment with the hospital and the hospital's breach of that contract.

Incorporated by reference in plaintiff's petition are selected portions of the employee handbook, including the section captioned "Fair Treatment Procedure," which provides in relevant part:

> When an employee thinks or feels any condition affecting him/her is unjust, inequitable, a hindrance to effective performance, or creates a problem, the employee should use the Fair Treatment Procedure for the solution of such problems without fear of recrimination or of placing his/her job in jeopardy.
>
> . . . .
>
> In cases where the complaint is for alleged unfair disciplinary action, the employee must initiate the Fair Treatment Procedure within seven (7) calendar days following the disciplinary action.

Nothing in this provision indicates that discharge actions are exempt from fair treatment procedures. It goes without saying that termination is the ultimate disciplinary action. We therefore assume that plaintiff's discharge was subject to the relevant procedures from the handbook.

Plaintiff's appeal essentially asserts (1) that an employment contract existed between her and the defendant hospital, (2) that under the terms of the contract she could be discharged only after the procedural guidelines of the "Fair Treatment Policy" were followed, (3) that the hospital was required to act in good faith in carrying out these policies, and (4) that these guidelines were not met or carried out in good faith.

Plaintiff concedes that she was not hired for a specific length of time under her employment agreement. In *Morris v. Lutheran Medical Center*, 215 Neb. 677, 340 N.W.2d 388 (1983), we held that when employment is not for a definite term and there are no contractual or statutory restrictions upon the right of discharge, an employer may lawfully discharge an employee whenever and for whatever cause it chooses without incurring liability. See, also, *Renner v. Wurdeman*, 231 Neb. 8, 434 N.W.2d 536 (1989); *White v. Ardan, Inc.*, 230 Neb. 11, 430 N.W.2d 27 (1988). This court has several times held, however, that an employee's "at-will" status can be modified by contractual terms that may be created by employee handbooks and oral representations. *Hebard v. AT&T*, 228 Neb. 15, 421 N.W.2d 10 (1988); *Johnston v. Panhandle Co-op Assn.*, 225 Neb. 732, 408 N.W.2d 261 (1987); *Jeffers v. Bishop Clarkson Memorial Hosp.*, 222 Neb. 829, 387 N.W.2d 692 (1986).

In *Johnston, supra*, we adopted the reasoning of the Minnesota Supreme Court in *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn. 1983), and held that personnel handbook provisions may become enforceable as part of the original employment contract if they meet the requirements for the formation of a unilateral contract. Thus, if the handbook language constitutes an offer definite in form which is communicated to the offeree, and the offer is accepted and consideration furnished for its enforceability, the handbook provision becomes part of the employment contract. *Johnston, supra*. The employee's retention of employment constitutes acceptance of the offer of a unilateral contract because by continuing to stay on the job although free to leave, the employee supplies the necessary consideration for the job. *Id.*

A fundamental concept in contract law is that to create a contract there must be both an offer and an acceptance. There

must also be a meeting of the minds or a binding mutual understanding between the parties to the contract. *Woods v. Woods*, 177 Neb. 542, 129 N.W.2d 519 (1964). Summary judgment is not proper if conflicting evidence is presented to show whether a contract existed. *Joseph Heiting & Sons v. Jacks Bean Co.*, 236 Neb. 765, 463 N.W.2d 817 (1990); *Hebard v. AT&T, supra*; *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207 (8th Cir. 1976).

Whether an offer was extended to plaintiff by the hospital's employee manual and whether such an offer, if it existed, was accepted by plaintiff are issues of material fact as to the existence of the alleged contract. Therefore, summary judgment was not proper on the issue of whether a contract existed. As the question of the existence of a contract is a threshold one, we do not reach the other issues addressed by the parties.

We note, however, that it is apparent that if the fact question as to the existence of a contract is established by plaintiff, then further determinations must be made as to the terms of the contract and as to whether defendant hospital breached the contract. As stated in *Stiles v. Skylark Meats, Inc.*, 231 Neb. 863, 865, 438 N.W.2d 494, 496 (1989), "Stiles thus had the burden of proving his contract of employment with Skylark Meats and that Skylark Meats breached that contract . . . ." See *Lange Building & Farm Supply, Inc. v. Open Circle "R", Inc.*, 210 Neb. 201, 204, 313 N.W.2d 645, 647 (1981) ("the evidence introduced . . . raises a legitimate fact question as to the liability of the defendant corporation which should have been submitted to the jury for its resolution"). See, also, NJI2d Civ. 15.01.

Although defendant's answer did not present an affirmative defense against plaintiff's breach of contract claim, the trial court's order stated that another fact dispute was "whether the hospital was justified in its suspicion that the plaintiff had made some of the bomb threat calls." That fact would have to be pled and proved by defendant, if the fact finder determined that the "at-will" contract had been modified. See *Ballard v. Giltner Pub. Sch.*, 241 Neb. 970, 492 N.W.2d 855 (1992).

The district court's order granting the hospital's motion for

summary judgment was in error. We reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.