NEMATOLLAH SABERZADEH, APPELLANT, V.
JASON SHAW, APPELLEE.

663 N.W.2d 612

Filed June 20, 2003.   No. S-02-810.

Cletus W. Blakeman, of Domina Law, P.C., L.L.O., for appellant.

Daniel P. Chesire and Raymond E. Walden, of Lamson, Dugan & Murray, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Nematollah Saberzadeh appeals from a judgment of the district court for Douglas County. After a jury trial, Saberzadeh's award of damages was reduced in proportion to his degree of fault for not wearing an available and operational seatbelt during an automobile accident. He now argues that the appellee, Jason Shaw, failed to prove an element of Shaw's "seatbelt" defense, namely, that a seatbelt was available and operational in the vehicle.

## BACKGROUND

On October 5, 1996, in Scottsdale, Arizona, Saberzadeh was a passenger in an automobile driven by Shaw. Shaw failed to stop at an intersection, and as the vehicle entered the intersection, it collided with another vehicle and struck a concrete block wall. Saberzadeh sustained injuries as a result of the accident.

Saberzadeh brought this negligence action against Shaw in the district court. Shaw admitted he was negligent in his operation of the automobile and that his negligence was the proximate cause of the accident. However, Shaw alleged in his amended answer that Saberzadeh was negligent in that Saberzadeh "failed to wear an available seatbelt which was unreasonable under the circumstances and the failure to wear the available seatbelt contributed to injuries to [Saberzadeh] which would not have occurred had the restraint been used or enhanced injuries that did occur." Saberzadeh did not reply to Shaw's amended answer.

The case proceeded to trial, where the evidence established that Saberzadeh was not wearing a seatbelt. Saberzadeh was asked on cross-examination whether a seatbelt was available in the car, to which Saberzadeh replied, "I didn't look for no seat belt." Saberzadeh offered a photograph of an automobile "similar" to the one involved in the accident. The photograph clearly shows a shoulder belt on the passenger side of the vehicle. At the conclusion of the evidence, Saberzadeh moved for a directed verdict, arguing that Shaw had failed to prove an element of his "seatbelt" defense because he offered no evidence that the automobile had an available and operational seatbelt. The motion was overruled.

Applying Arizona's substantive law, the jury was instructed, with regard to Shaw's "seatbelt" defense, that Shaw had the burden to prove, among other things, that Saberzadeh did not use an available and operational seatbelt. There were no objections by either party to any of the jury instructions. The jury returned a verdict in favor of Saberzadeh and against Shaw in the amount of $292,465. The jury also found that Saberzadeh was at fault for failing to wear an available and operational seatbelt and fixed Saberzadeh's percentage of fault at 50 percent. Accordingly, judgment was entered for Saberzadeh in the amount of $146,232.50. Thereafter, Saberzadeh filed a motion to set aside judgment or, in

the alternative, motion for new trial. The motion was denied, and Saberzadeh appealed.

## ASSIGNMENTS OF ERROR

Saberzadeh assigns that the district court erred in (1) denying his motion for directed verdict; (2) denying his motion to set aside judgment or, in the alternative, motion for new trial; (3) instructing the jury on the elements and permissive reduction of his damages associated with Shaw's "seatbelt" defense; (4) reducing his damage award by 50 percent for his failure to wear an available seatbelt; and (5) not being present, in court, during times when evidence was being presented to the jury via videotape.

## STANDARD OF REVIEW

■ In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *Walls v. Shreck*, 265 Neb. 683, 658 N.W.2d 686 (2003).

## ANALYSIS

Saberzadeh's first four assignments of error present a single issue: whether there was any evidence that the automobile driven by Shaw had an available and operational seatbelt for use by Saberzadeh. Arizona, whose substantive law was applied in this case, allows a jury to consider evidence of a plaintiff's nonuse of a seatbelt, under a theory of comparative fault, to reduce damages otherwise recoverable by the plaintiff. *Law v. Superior Court of State of Ariz.*, 157 Ariz. 147, 755 P.2d 1135 (1988). The Arizona Supreme Court has said that "[t]he defendant must establish several factual predicates before seat belt nonuse may be presented to the jury." *Id.* at 156, 755 P.2d at 1144, citing *Insurance Co. of North America v. Pasakarnis*, 451 So. 2d 447 (Fla. 1984). One of the factual predicates a defendant must prove is that " 'the plaintiff did not use an available and operational seat belt.' " *Law*, 157 Ariz. at 154, 755 P.2d at 1142, quoting *Insurance Co. of North America, supra*. Thus, to establish his "seatbelt" defense under

Arizona law, Shaw had the burden of proving that Saberzadeh did not use an available and operational seatbelt.

Shaw argues that he was relieved of the burden of producing evidence on this issue. Shaw's amended answer alleged, as a new matter, that Saberzadeh failed to wear an available seatbelt. Saberzadeh did not file a reply. For that reason, Shaw argues that his allegation stands admitted and that he was no longer required to produce evidence that a seatbelt was available for Saberzadeh's use.

■ For purposes of this action, Neb. Rev. Stat. § 25-842 (Reissue 1995) (repealed operative January 1, 2003) provided in part that "every material allegation of new matter in the answer not controverted by the reply, shall, for the purposes of the action, be taken as true." We have said that the failure to file a reply controverting a new allegation raised in an answer to a petition results in the allegation's being taken as true. *Nelson v. City of Omaha*, 256 Neb. 303, 589 N.W.2d 522 (1999); *Landon v. Pettijohn*, 231 Neb. 837, 438 N.W.2d 757 (1989).

■ However, we have also stated that an admission made in a pleading on which the trial is had is more than an ordinary admission; it is a judicial admission and constitutes a waiver of all controversy *so far as the adverse party desires to take advantage of it*, and therefore is a limitation of the issues. *Radecki v. Mutual of Omaha Ins. Co.*, 255 Neb. 224, 583 N.W.2d 320 (1998). A party may at any time invoke the language of the pleading of his adversary on which the case is tried on a particular issue as rendering certain facts indisputable. *Lange Building & Farm Supply, Inc. v. Open Circle "R", Inc.*, 210 Neb. 201, 313 N.W.2d 645 (1981). While Saberzadeh's failure to reply to Shaw's amended answer may have served as a judicial admission of Saberzadeh's nonuse of an available seatbelt, the record does not indicate that Shaw sought to take advantage of that admission by invoking it at trial. In fact, despite Shaw's contention that he was relieved of his burden of producing evidence on the issue, the jury was still instructed, in two different instructions (Nos. 2 and 16), that Shaw had the burden of proving that Saberzadeh did not use an available and operational seatbelt. Shaw did not request the court to instruct the jury that Saberzadeh's failure to file a reply constituted a judicial admission on Saberzadeh's part

that the automobile had an available and operational seatbelt for Saberzadeh's use. For that reason, Shaw was not relieved of the burden of producing evidence in support of his allegation.

With no admission by Saberzadeh that he failed to wear an available seatbelt, we must consider if Shaw produced any evidence to support that allegation. A review of the record discloses that he did not. Saberzadeh was asked on cross-examination whether a seatbelt was available in the vehicle. He replied, "I didn't look for no seat belt." Shaw testified that Saberzadeh was not wearing a seatbelt, but was never asked whether the vehicle had a seatbelt available for Saberzadeh's use. There was no testimony from any other witness on the topic of available seatbelts in the vehicle. The record contains a photograph of an automobile which, in Shaw's words, was "similar" to the one Shaw was driving on the day of the accident. The photograph clearly shows a shoulder belt on the passenger side of the automobile. We cannot say that this photograph is competent evidence that the vehicle involved in the accident contained an available and operational seatbelt for Saberzadeh's use. Thus, the district court erred in denying Saberzadeh's motion for directed verdict on Shaw's seatbelt defense. Having reached this conclusion, we need not address his remaining assignment of error.

## CONCLUSION

We conclude that the district court erred in denying Saberzadeh's motion for a directed verdict. At trial, Shaw had the burden of proving that Saberzadeh did not use an available and operational seatbelt. Shaw was not relieved of this burden when Saberzadeh failed to reply to Shaw's amended answer because Shaw did not take advantage of Saberzadeh's admission. Furthermore, Shaw did not produce evidence that the automobile involved in the accident had a seatbelt available for Saberzadeh's use.

The jury returned a verdict in favor of Saberzadeh in the amount of $292,465, but reduced that award in proportion to his degree of fault for failing to wear an available and operational seatbelt. Because Shaw failed to prove an element of his defense, we reverse the judgment entered by the district court

and remand the cause with directions to enter judgment in favor of Saberzadeh in the amount of $292,465.

REVERSED AND REMANDED WITH DIRECTIONS.