# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-3413

_____

Rose Miller,

        Appellant,

    v.

Joseph Steele, in his official
capacity as Administrator of the
Nebraska Courts; Janice Walker,
Successor to Joseph
Steele and in her Official Capacity
as Administrator of the
Nebraska Courts; Frank Goodroe,
in his Official Capacity as
Administrator of the District Court
of Douglas County,
Nebraska; Douglas H. Johnson,
Successor to Frank Goodroe and
in his Official Capacity as
Administrator of The District
Court of Douglas County,
Nebraska,

        Appellees.

Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

_____

Submitted: June 14, 2007
Filed: July 27, 2007

_____

Before MELLOY, SMITH and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Rose Miller ("Miller") appeals the district court's[1] order granting summary judgment to Joseph Steele, Janice Walker, Frank Goodroe and Douglas H. Johnson (collectively "Court Administrators") in Miller's 42 U.S.C. § 1983 lawsuit alleging that the Court Administrators violated her federal constitutional due process rights when they terminated her employment without affording her certain grievance procedures.

In April 1999, Miller responded to a vacancy announcement for the position of administrative assistant in the Drug Court Program of Douglas County, Nebraska, that read: "GRANT FUNDED POSITION - Limited term appointment, non-civil service/at-will employment." She was hired for the position and worked in the Drug Court Program from 1999 to 2003.

After starting her employment, the Douglas County personnel department provided Miller with a copy of the county's Civil Service Commission Employee Handbook ("the Handbook"). The Handbook establishes pre-termination and post-termination grievance procedures for Douglas County employees that include written notice of the reasons for termination as well as a hearing and appeal at which the employee may present evidence to refute the employer's charges. The Handbook specifically exempts "court-appointed employees" and district courts from its coverage and application.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

In March 2003, Miller met with her immediate supervisor, District Court Administrator Frank Goodroe, who informed her that due to her problematic behavior Miller could either resign or be dismissed. Miller's employment subsequently was terminated without written notice of the reasons, without a hearing, and without the opportunity to appeal the decision.

Miller filed a suit in state court against both Douglas County and the State of Nebraska, alleging a violation of her federal constitutional procedural due process rights and wrongful termination under state law. On motions for summary judgment filed by the County and the State, the state district court determined that Miller was an employee of the State of Nebraska and not of Douglas County. Accordingly, the state court granted summary judgment in favor of Douglas County and denied the State's motion. Upon the State's motion for reconsideration, the district court also granted summary judgment in favor of the State on sovereign immunity grounds.

Miller subsequently filed this suit in federal court again claiming that the manner of her employment termination violated her procedural due process rights. The Court Administrators filed a motion for summary judgment asserting that Miller was not entitled to procedural due process because, as an at-will employee of the State, she did not have a protected property interest in her continued employment. In response, Miller argued that she did have a protected property interest in her continued employment because the Handbook, as well as oral representations made to her by her supervisors, modified her original at-will status and required the Court Administrators to follow the grievance procedures when terminating her employment. The district court found that there were no genuine issues of material fact with respect to Miller's status as an at-will employee of the State of Nebraska or with respect to whether the

Handbook or oral representations made by her supervisors modified her at-will status,[2] and it granted summary judgment in favor of the Court Administrators.

We review the district court's grant of summary judgment de novo, and "[w]e must affirm if, viewing the record in the light most favorable to [Miller], there are no genuine issues of material fact and [the Court Administrators are] entitled to judgment as a matter of law." *See Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005) (quotation omitted). "To set forth a procedural due process violation, a plaintiff . . . must establish that his protected liberty or property interest is at stake. . . . To claim entitlement to pre-termination due process, [Miller] must show that [she] had a protected property interest derived from a source such as state law." *Spitzmiller v. Hawkins*, 183 F.3d 912, 915 (8th Cir. 1999). "To establish a protected property interest in [her] employment, [Miller] must show that [she] could have been fired only for good cause." *Id.* at 916. Nebraska law permits an employer to terminate an at-will employee at any time with or without reason, unless prohibited by constitution, statute, or contract. *Wendeln v. Beatrice Manor, Inc.*, 712 N.W.2d 226, 238 (Neb. 2006). However, an employee's at-will status can "be modified by contractual terms that may be created by employee handbooks and oral representations." *Overmier v. Parks*, 495 N.W.2d 620, 623 (Neb. 1993). Having carefully reviewed the record and the well-reasoned opinion of the district court, we agree with the district court that Miller was an at-will employee of the State of Nebraska, that neither the Handbook nor the oral representations made by her supervisors modified her at-will status, and that therefore she was not entitled to the grievance process. Accordingly, we affirm

---

[2]In Miller's statement of the issue contained in her brief, she identified as erroneous the district court's determination that Miller also was not covered by the Nebraska Supreme Court's Personnel Policies and Procedures or the State's Classified System Rules and Regulations. However, she provided no argument or case law to support this bald statement and, therefore, we find that she has abandoned this argument. *See* Fed. R.App. P. 28(a)(9)(A); *United States v. Pizano*, 421 F.3d 707, 720-21 (8th Cir.2005).

the district court's grant of summary judgment in favor of the Court Administrators. *See* 8th Cir. R. 47B.

_____